1   BROWNE GEORGE ROSS
    O'BRIEN ANNAGUEY & ELLIS LLP
2   Matthew L. Venezia (State Bar No. 313812)
       mvenezia@bgrfirm.com
3   2121 Avenue of the Stars, Suite 2800
    Los Angeles, California 90067
4   Telephone: (310) 274-7100
    Facsimile: (310) 275-5697
5
    Attorney for Plaintiff Robert Days
6

7

8                   UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

| | |
|---|---|
| 11  ROBERT DAYS, | Case No. |
| 12          Plaintiff, | **COMPLAINT FOR** |
| 13        vs. | **(1) BREACH OF CONTRACT;** |
| | **(2) BREACH OF COVENANT OF GOOD** |
| 14  ROBINHOOD MARKETS, INC.; | **FAITH AND FAIR DEALING;** |
| ROBINHOOD FINANCIAL LLC; | **(3) BREACH OF FIDUCIARY DUTY;** |
| 15  ROBINHOOD SECURITIES, LLC; APEX | **(4) DETRIMENTAL RELIANCE;** |
| CLEARING HOLDINGS LLC; AND APEX | **(5) INTENTIONAL INTERFERENCE** |
| 16  CLEARING CORPORATION. | **WITH PROSPECTIVE ECONOMIC** |
| . | **ADVANTAGE;** |
| 17 | **(6) INTENTIONAL INTERFERENCE** |
| | **WITH PROSPECTIVE ECONOMIC** |
| 18 | **ADVANTAGE;** |
| | **(7) VIOLATION OF SEC RULE 10-B;** |
| 19 | **(8) VIOLATION OF CALIFORNIA'S** |
| | **UNFAIR COMPETITION LAW** |
| 20 | **(9) VIOLATION OF CALIFORNIA'S** |
| | **CONSUMER LEGAL REMEDIES ACT** |
| 21 | |
| | **JURY TRIAL DEMANDED** |
| 22 | |
| 23 | Trial Date:  None Set |

24

25

26

27

28

                                                                        Case No.
                                        COMPLAINT

1    Plaintiff Robert Days brings this Complaint for damages, and equitable and declaratory

2 relief, individually, and on behalf of all persons similarly situated, against defendants Robinhood

3 Markets, Inc., Robinhood Financial, LLC, and Robinhood Securities, LLC (collectively

4 "Robinhood"), and Apex Clearing Holdings LLC and Apex Clearing Corporation (collectively,

5 ("Apex"), and alleges as follows:

6                                              **PARTIES**

7    1.    Robert Days is an individual residing in Kansas City, MO.

8    2.    Plaintiff is informed and believes, and thereon alleges, that defendant Robinhood

9 Markets, Inc. is a Delaware corporation with its principal place of business in Menlo Park,

10 California.

11    3.    Plaintiff is informed and believes, and thereon alleges, that defendant Robinhood

12 Financial, LLC is a Delaware limited liability company with its principal place of business in

13 Menlo Park, California.

14    4.    Plaintiff is informed and believes, and thereon alleges, that defendant Robinhood

15 Securities, LLC is a Delaware limited liability company with its principal place of business in

16 Menlo Park, California.

17    5.    Plaintiff is informed and believes, and thereon alleges, that defendant Apex

18 Clearing Holdings LLC is a limited liability company with its principal place of business in

19 Dallas, Texas.

20    6.    Plaintiff is informed and believes, and thereon alleges, that defendant Apex

21 Clearing Corporation is a New York corporation with its principal place of business in Dallas,

22 Texas.

23                                  **JURISDICTION AND VENUE**

24    7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

25 1332(d)(2)(A) because the amount in controversy well exceeds $5 million and Plaintiff represents

26 a putative nationwide class that includes well in excess of 100 members, and upon information

27 and belief, includes members from each of the other 49 states besides California. Defendants have

28 principal places of business in California and Texas. There is also federal question jurisdiction for

1745556.1
-1-
COMPLAINT
Case No.

1 | the SEC Rule 10-b claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction for the

2 | related state law claims pursuant to 28 U.S.C. § 1367.

3 |      8.     Venue in this district is proper pursuant to 28 U.S.C. § 1391 because, upon

4 | information and belief, Robinhood's principal place of business is located within this district,

5 | Robinhood and Apex are subject to personal jurisdiction here, and a substantial part of the events

6 | or omissions that gave rise to the claims asserted herein occurred within this district.

7 |      9.     This Court has personal jurisdiction over Robinhood because, upon information

8 | and belief, Robinhood maintains its principal place of business in California, and specifically

9 | within this judicial district. This Court also has personal jurisdiction over Robinhood because

10 | Robinhood regularly markets and sells its services to customers in California. The Court has

11 | personal jurisdiction over Apex because Apex effectuates the trades placed by Robinhood

12 | customers and does substantial business within the state, including placing trades and refusing to

13 | place trades by California customers, as is at issue in this case.

14 | **GENERAL ALLEGATIONS**

15 |      10.     Founded in 2013, Robinhood provides a service allowing its customers to

16 | effectuate trades in the stock market, targeted at retail customers. Robinhood's platform is

17 | primarily app-based and, as hinted by its name, Robinhood represents that it aims to "provide

18 | everyone with access to the financial markets, not just the wealthy."

19 |      11.     Upon information and belief, Apex is in the financial services industry, and

20 | partners with Robinhood to effectuate the trades make on Robinhood's platform.

21 |      12.     Upon information and belief, Robinhood has grown to now have more than 13

22 | million users. Robinhood has earned significant revenue and raised hundreds of millions of dollars

23 | in investments. Upon information and belief, certain of those investors hold short positions on the

24 | stocks discussed herein.

25 |      13.     Beginning in January of 2021, the stock prices for GameStop Corp. (GME) began

26 | to rise, based upon increased investor interest caused by the excessive short positions in the

27 | company. This event received significant coverage in the press.

28 |      14.     As investors began to look for the next GameStop, investor interest in AMC

1  Entertainment Holdings Inc. (AMC) and Nokia (NOK) began to rise, causing their stock prices to

2  increase.

3       15.    Until January 28, 2021, Robinhood allowed its users to take positions in these

4  securities, both buying and selling. Upon information and belief, many Robinhood customers

5  purchased AMC and NOK in reliance on the continued availability of the Robinhood platform,

6  allowing the customers to buy and sell when most advantageous to do so.

7       16.    Plaintiff in fact previously purchased positions in AMC and NOK, and intended to

8  purchase additional positions in those securities in the future, all through Robinhood.

9       17.    However, on January 28, 2021, after the rise in GME gained widespread media

10 coverage, Robinhood barred its customers from buying several stocks, including AMC and NOK.

11 Robinhood blamed this bar publicly on an action taken by Apex. Robinhood has announced it will

12 allow "limited buys of these securities" starting on January 29, 2021.

13      18.    This action artificially deflated the price of the effected stocks, including AMC and

14 NOK, harming all investors who held the stock, to the benefit of those holding short positions.

15 This action further harmed investors who intended to buy the stocks in the future, relying on a fair

16 market to be available in the securities.

17      19.    Ironically, this action was to the benefit of hedge funds that hold short positions in

18 these stocks. In other words, Robinhood (and Apex) stole from the poor to give to the rich.

19      20.    Plaintiff is a retail customer of Robinhood, holding positions in AMC and NOK.

20 Plaintiff purchased those positions through Robinhood relying upon the continued availability of

21 the Robinhood platform and free trading of the securities.

22      21.    Robinhood's and Apex's action to bar trading of those stocks (and interference in

23 the market for their free trade more generally) significantly damaged the value of Plaintiff's

24 holdings in AMC and NOK. Upon news that Robinhood would not allow those stocks to be

25 purchased, only sold, their values fell precipitously.

26      22.    This left Robinhood customers and retail investors with only two choices, either

27 sell immediately at the rapidly falling price, or hold, and risk losing their entire investment.

28      23.    Had Robinhood and Apex not taken this action, upon information and belief, vast

1   amounts of investors were poised to invest in AMC and NOK, which would have led to the

2   increase in their value in the near term. These plans are well documented in investor forums

3   around the internet.

4        24.     Robinhood's and Apex's actions to bar purchases of these stocks also disallowed

5   Plaintiff from executing plans to buy additional positions in AMC and NOK, during the barred

6   period, which would have been profitable.

7        25.     Robinhood's and Apex's actions are without substantial justification, and made to

8   the detriment of its longstanding customers and the market. To the extent Robinhood or Apex

9   claims they intended to "protect" their retail customers, they in fact caused them great harm.

10        26.     Upon information and belief, both Robinhood and Apex hold financial

11   relationships with large institutional investors who held short positions in the very stocks of which

12   they barred retail trading, to the financial benefit of the larger, institutional market players. Upon

13   information and belief, Robinhood and Apex caved to those pressures in making the decision to

14   bar trading of GME, AMC, NOK, and other similarly-situated stocks.

15   **CLASS ACTION ALLEGATIONS**

16        27.     Plaintiff brings this action on behalf of himself and a putative class of Robinhood

17   customers (the "Robinhood Class"), and a putative class of investors (the "Investor Class"), who

18   are similarly situated under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

19        28.     The Robinhood Class seeks monetary damages and injunctive relief, and is defined

20   as follows:

21        &bull;     All persons or entities in the United States that held positions in AMC and NOK on
    January 28, 2021, purchased through Robinhood, or who intended to invest in
22   AMC or NOK in the near future through Robinhood, and were harmed by
    Robinhood's actions described herein.
23

    29.     The Investor Class seeks monetary damages and injunctive relief, and is defined as
24
    follows:
25

26        &bull;     All persons or entities in the United States that held positions in AMC and NOK on
    January 28, 2021, who were harmed by the inability of retail customers to buy
    positions in these stocks, or who had plans to invest in AMC or NOK within the
27   near future.

28        30.     Upon information and belief, the Robinhood Class and Investor Class include

1    millions of investors. The exact number and identities of the Robinhood Class is known or readily

2    ascertainable by Robinhood, and the exact number and identities of the Investor Class is readily

3    ascertainable by review of records as to stock ownership in these companies more generally. The

4    number of persons who fall within the definition of both classes is so numerous and

5    geographically dispersed as to make joinder of all members of the classes in their individual

6    capacity impracticable, inefficient, and unmanageable so as to effectively deny each putative

7    Robinhood Class and Investor Class member his, her, or their right to prosecute and obtain legal

8    and equitable relief based on the claims and allegations made in this Complaint.

9        31.    There are common questions of law and fact as to the Robinhood Class, relating to

10    and/or dispositive of the allegations made in the Complaint, including, but not limited to:

- Whether Robinhood has a fiduciary duty to its customers to not take actions that will damage the value of their holdings;

- Whether Robinhood customers detrimentally relied on the ongoing availability of the platform to trade in AMC and NOK stocks;

- Whether Robinhood breached its contract with its customers by disallowing trading in AMC and NOK;

- Whether Robinhood intentionally or negligently interfered with the prospective economic advantage of the Robinhood Class;

- Whether Robinhood unlawfully manipulated the price of AMC and NOK pursuant to SEC Rule 10b;

- Whether Robinhood engaged in unfair competition pursuant to Cal. Bus. & Prof. Code § 17200 et seq. by restricting the buying of positions in AMC and NOK; and

- Whether Robinhood violated California's Consumer Legal Remedies Act Unfair (Cal. Civ. Code § 1750 et seq.) by restricting the buying of positions in AMC and NOK.

22        32.    There are common questions of law and fact as to the Investor Class, relating to

23    and/or dispositive of the allegations made in the Complaint, including, but not limited to:

- Whether Apex unlawfully manipulated the price of AMC and NOK pursuant to SEC Rule 10b;

- Whether Apex intentionally or negligently interfered with the prospective economic advantage of the Investor Class; and

- Whether Apex engaged in unfair competition pursuant to Cal. Bus. & Prof. Code § 17200 et seq. by restricting the buying of positions in AMC and NOK.

1    33.    The interests of Plaintiff and the Robinhood Class and Investor Class are aligned.

2 Plaintiff seeks to establish that Robinhood and Apex are liable for financial harm resulting from

3 the inability of Robinhood and other retail customers to trade in AMC and NOK. Should Plaintiff

4 prevail in establishing the same, each of the other members of the Robinhood Class and Investor

5 Class would then be entitled to similar compensation for the damages caused to them by the

6 inability of Robinhood and other retail customers to trade in AMC and NOK.

7    34.    The claims of Plaintiff are typical of the claims of the Robinhood Class and

8 Investor Class. Plaintiff purchased positions in AMC and NOK through Robinhood, those

9 positions being harmed by the inability of Robinhood and other retail customers to trade in GME,

10 AMC, NOK, and other similarly-situated stocks. Like many others, Plaintiff also intended to

11 purchase further positions in AMC and NOK.

12    35.    The Robinhood Class and Investor Class are represented by counsel who are

13 competent and experienced in the prosecution and defense of similar claims and litigation,

14 including class actions filed, prosecuted, defended, or litigated under California and federal law, in

15 California and federal courts, in connection with claims and certification of classes composed of

16 members who reside in California and/or the United States. Class counsel also has significant

17 experience related to securities.

18    36.    The prosecution of separate actions by individual members of the Robinhood Class

19 and Investor Class would create a risk of inconsistent or varying adjudications

20    37.    The questions of law and fact common to the members of the Robinhood Class and

21 Investor Class predominate over any questions of law or fact affecting only individual members of

22 the Robinhood Class and Investor Class. Primarily at issue is the appropriateness of the actions of

23 Robinhood and Apex in relation to the retail investors in GME, AMC, NOK, and other similarly-

24 situated stocks.

25    38.    A class action is superior to other available methods for the fair and efficient

26 adjudication of this controversy. Treatment as a class action will permit a large number of

27 similarly situated persons to adjudicate their common claims in a single forum simultaneously,

28 efficiently, and without the duplication of effort and expense that numerous individual actions

1   would engender. Prosecution as a class action will eliminate the need for repetitious litigation—if

2   it were even feasible for the Robinhood Class or Investor Class to proceed individually.

3       39.    Members of the Robinhood Class and the Investor Class have no cognizable

4   interest in individually litigating and controlling the claims asserted herein as a general matter.

5       40.    California is a proper and desirable forum for the claims against Robinhood and

6   Apex to be litigated. Robinhood is based in California, and California law provides remedies to

7   each member of the Robinhood Class and Investor Class. As to those members of the Investor

8   Class residing outside California, California state law provides remedies consistent with that

9   which is available in the members' home states.

10       41.    The Robinhood Class and Investor Class are readily ascertainable by review of

11   Robinhood's records, as to the Robinhood Class, and by review of those holding positions in

12   AMC and NOK, as to the Investor Class. Thus, there does not exist any significant likely

13   difficulties in managing the claims as a class action.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

16       42.    Plaintiff re-alleges and incorporates herein by reference, as though set forth in full,

17   each of the allegations set forth in paragraphs 1 through 41 above.

18       43.    Robinhood and Plaintiff (and the Robinhood Class) entered into contracts whereby

19   the Plaintiff and Robinhood Class were allowed to use the Robinhood platform to effectuate trades

20   in the stock market. In exchange for that ability, Robinhood earned compensation from the

21   Plaintiff and Robinhood Class in the form of fees, in addition to other valuable consideration.

22       44.    Robinhood breached its agreement with Plaintiff and the Robinhood Class by

23   restricting their ability to trade in AMC and NOK. This restriction was without proper excuse or

24   justification.

25       45.    As a result of this breach, Plaintiff's and the Robinhood Class's positions in AMC

26   and NOK have been substantially harmed.

27

28

1745556.1

-7-

Case No.

COMPLAINT

1  **SECOND CAUSE OF ACTION**

2  **(Breach of Covenant of Good Faith and Fair Dealing)**

3      46.      Plaintiff re-alleges and incorporates herein by reference, as though set forth in full,

4  each of the allegations set forth in paragraphs 1 through 45 above.

5      47.      Robinhood, by virtue of its contracts with Plaintiff and the Robinhood Class, had a

6  covenant of good faith and fair dealing under those contracts.

7      48.      Robinhood violated that covenant by restricting the ability of Plaintiff and the

8  Robinhood Class to trade in AMC and NOK. This action was to the benefit of large institutional

9  investors holding significant short positions in these stocks, as opposed to Robinhood's retail

10  customers.

11      49.      As a result of this breach, Plaintiff's and the Robinhood Class's positions in AMC

12  and NOK have been substantially harmed.

13  **THIRD CAUSE OF ACTION**

14  **(Breach of Fiduciary Duty)**

15      50.      Plaintiff re-alleges and incorporates herein by reference, as though set forth in full,

16  each of the allegations set forth in paragraphs 1 through 49 above.

17      51.      Robinhood, by virtue of its contracts with Plaintiff and the Robinhood Class, had a

18  fiduciary duty insofar as it relates to its customers.

19      52.      Robinhood violated that duty by restricting the ability of Plaintiff and the

20  Robinhood Class to trade in AMC and NOK. This action was to the benefit of large institutional

21  investors holding significant short positions in these stocks, as opposed to Robinhood's own

22  customers.

23      53.      As a result of this breach, Plaintiff's and the Robinhood Class's positions in AMC

24  and NOK have been substantially harmed.

25  **FOURTH CAUSE OF ACTION**

26  **(Detrimental Reliance)**

27      54.      Plaintiff re-alleges and incorporates herein by reference, as though set forth in full,

28  each of the allegations set forth in paragraphs 1 through 53 above.

1745556.1                                    -8-                                    Case No.

55.     Robinhood, by virtue of its contract with Plaintiff and the Robinhood Class, established a reasonable expectation by Plaintiff and the Robinhood Class that Robinhood would continue to allow trading in the stocks in which Plaintiff and the Robinhood Class purchased positions.

56.     Acting in reliance on that expectation, Plaintiff and the Robinhood Class purchased positions in AMC and NOK.

57.     Robinhood received and accepted consideration in the form of fees and other valuable consideration in connection with these trades.

58.     Robinhood then restricting the ability of Plaintiff and the Robinhood Class to trade in AMC and NOK, causing substantial harm to the Plaintiff and the Robinhood Class.

### FIFTH CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Advantage)

59.     Plaintiff re-alleges and incorporates herein by reference, as though set forth in full, each of the allegations set forth in paragraphs 1 through 58 above.

60.     The Plaintiff, the Robinhood Class, and the Investor Class stood to make significant profit by virtue of their holdings in and future purchases of AMC and NOK.

61.     Robinhood and Apex intentionally interfered with future transactions in these stocks whereby the Robinhood Class and the Investor Class stood to profit.

62.     This interference artificially depressed the price of shares in AMC and NOK, by not allowing retail customers to purchase these securities and sparking doubt about the security of future trading in these securities.

63.     Robinhood and Apex had actual knowledge that investors intended to enter into transactions involving AMC and NOK, and upon information and belief, were in fact motivated by that knowledge in restricting the trades.

64.     This restriction of the ability of Plaintiff, the Robinhood Class, and the Investor Class to trade in AMC and NOK caused substantial harm to Plaintiff, the Robinhood Class, and the Investor Class.

## SIXTH CAUSE OF ACTION

### (Negligent Interference with Prospective Economic Advantage)

65.     Plaintiff re-alleges and incorporates herein by reference, as though set forth in full, each of the allegations set forth in paragraphs 1 through 64 above.

66.     The Plaintiff, the Robinhood Class, and the Investor Class stood to make significant profit by virtue of their holdings in and future purchases of AMC and NOK.

67.     Robinhood and Apex negligently interfered with future transactions in these stocks whereby the Robinhood Class and the Investor Class stood to profit.

68.     This interference artificially depressed the price of shares in AMC and NOK, by not allowing retail customers to purchase these securities and sparking doubt about the security of future trading.

69.     Robinhood and Apex had actual knowledge that investors intended to enter into transactions involving AMC and NOK, and upon information and belief, were in fact motivated by that knowledge in restricting the trades.

70.     This restriction of the ability of Plaintiff, the Robinhood Class, and the Investor Class to trade in AMC and NOK caused substantial harm to Plaintiff, the Robinhood Class, and the Investor Class.

## SEVENTH CAUSE OF ACTION

### (Violation of SEC Rule 10b)

71.     Plaintiff re-alleges and incorporates herein by reference, as though set forth in full, each of the allegations set forth in paragraphs 1 through 70 above.

72.     Robinhood and Apex engaged in a scheme to defraud the market, and artificially deflate the prices of AMC and NOK, in addition to other stocks (particularly GME) in which institutional investors held large short positions.

73.     This scheme was to the benefit of large institutional investors which, upon information belief, Robinhood and Apex have financial relationships.

74.     Upon information and belief, these large institutional investors exerted pressure on Robinhood and Apex to halt trading in GME, AMC, and NOK, amongst other similarly-situated

1 | stocks.

2 | 75.     This cessation of trading lowered the prices for these stocks not only because less

3 | buyers were in the market with the retail market shut out, but by increasing fears related to market

4 | security in the future trading of these securities.

5 | 76.     This market manipulation damaged Plaintiff's, the Robinhood Class's, and the

6 | Investor Class's holdings in AMC and NOK.

7 | **EIGHTH CAUSE OF ACTION**

8 | **(Violation of California's Unfair Competition Law [Cal. Bus. & Prof. Code § 17200 et seq.])**

9 | 77.     Plaintiff re-alleges and incorporates herein by reference, as though set forth in full,

10 | each of the allegations set forth in paragraphs 1 through 76 above.

11 | 78.     The aforementioned conduct by Robinhood and Apex is unlawful, violating

12 | California and Federal securities law.

13 | 79.     Plaintiff and each member of the Robinhood Class and Investor Class suffered an

14 | injury as a direct and proximate result of Robinhood's and Apex's unlawful conduct.

15 | 80.     Upon information and belief, the above-described unlawful conduct occurred in

16 | significant portion within California.

17 | **NINTH CAUSE OF ACTION**

18 | **(Violation of California's Consumer Legal Remedies Act Unfair [Cal. Civ. Code § 1750 et**

19 | **seq.])**

20 | 81.     Plaintiff re-alleges and incorporates herein by reference, as though set forth in full,

21 | each of the allegations set forth in paragraphs 1 through 80 above.

22 | 82.     Robinhood has committed unlawful acts as defined by California Civil Code §

23 | 1700, by engaging in the unlawful practices described above.

24 | 83.     Plaintiff and each member of the Robinhood Class and Investor Class suffered an

25 | injury as a direct and proximate result of Robinhood's unlawful activity.

26 | 84.     Unless enjoined, Robinhood will continue to unlawfully interfere in the market for

27 | highly-shorted stocks, like AMC and NOK.

28 | 85.     Upon information and belief, the above-described operations of Robinhood occur

1745556.1

Case No.

COMPLAINT

1 | in California, where it is headquartered.

2 | **PRAYER FOR RELIEF**

3 |      WHEREFORE, Plaintiff, the putative Robinhood Class, and the putative Investor Class,

4 | pray for relief against Robinhood and Apex as follows:

5 |      1.    For preliminary and permanent injunctions enjoining and restraining Robinhood

6 | and Apex from restraining or attempting to restrain anyone from trading in AMC or NOK, or other

7 | securities with significant short positions;

8 |      2.    For money damages in the form of the damaged value in AMC and NOK positions,

9 | and future profitable acquisitions of AMC and NOK positions in an amount according to proof,

10 | but well in excess of $5 million;

11 |      3.    For punitive damages according to proof;

12 |      4.    For pre-judgment interest on all damages awarded by this Court;

13 |      5.    For reasonable attorneys' fees and costs of suit incurred herein; and

14 |      6.    For any other such relief as this Court deems just and proper.

15 | DATED:  January 28, 2021          BROWNE GEORGE ROSS
                          O'BRIEN ANNAGUEY & ELLIS LLP

16 |                            Matthew L. Venezia

17 |                   By:    */s/ Matthew L. Venezia*

18 |                            Matthew L. Venezia
                     Attorney for Plaintiff Robert Days

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1

**DEMAND FOR JURY TRIAL**

2        Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of

3  Civil Procedure.

4  DATED:  January 28, 2021                     BROWNE GEORGE ROSS
                                               O'BRIEN ANNAGUEY & ELLIS LLP
5                                                  Matthew L. Venezia

6                                               By:        */s/ Matthew L. Venezia*
7                                                         Matthew L. Venezia
                                                Attorney for Plaintiff Robert Days

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1745556.1
                                               -13-                              Case No.
                                             COMPLAINT